**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**UNITED STATES OF AMERICA,**                    :
                                                 :
    **-against-**                              :          **09 CR 331(HB)**
                                                 :
**ROBERT SCOTT, et al.**                         :          **MEMORANDUM**
                                                 :          **OPINION AND ORDER**
        **Defendants.**                     :
-------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge**:

    Before the Court is defendant Robert Scott's motion to proceed on appeal *in forma pauperis*. For the reasons described below, the motion is denied.

    Prior to his criminal trial, Mr. Scott had fired three successive CJA-appointed attorneys and opted to proceed pro se. Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C. – the third CJA-appointed counsel to fall into Mr. Scott's disfavor – was ordered to remain as an advisor for trial, but Mr. Scott forbade his advisors from speaking on his behalf. Following a motion to dismiss that I found frivolous, irrelevant and untimely, *see* Order dated Sep. 15, 2010, a jury trial proceeded on charges of bank fraud and aggravated identity theft. On September 30, 2010 the jury found Mr. Scott guilty on all counts. On October 28, 2010, I granted leave for Scott to proceed *in forma pauperis* to pursue an interlocutory injunction. That same day, Mr. Scott, who had been released on bond under strict conditions, primarily because he represented that he wanted to say goodbye to his family, failed to appear for sentencing and violated a condition of his bond. Following a wide-ranging investigation, Scott was eventually apprehended and taken into custody. It became apparent that he had never intended to visit his family in California. In the meantime the Government initiated forfeiture proceedings against his sureties. Throughout Mr. Scott's time before this Court, he has demonstrated some level of familiarity with legal terms and concepts. His applications, however, have by and large lacked any foundation in fact and law relevant to his case. *See, e.g.*, Pet. for Interlocutory Appeal and accompanying Affidavits, filed Oct. 15, 2010.

    "The decision of whether to grant a request to proceed *in forma pauperis* is left to the District Court's discretion under 28 U.S.C. § 1915. The Court's discretion is limited in that: 'An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.'" *Fridman v. City of New York,* 195 F.Supp.2d 534, 536 (S.D.N.Y. 2002) (quoting

1

28 U.S.C. § 1915(a)(3)) (internal citations omitted); *see also* Fed. R.App. P. 24(a)(3)(A). The standard for "good faith" in pursuing an appeal is an objective one. *U.S. v. Yu*, 90 Cr. 47-6 (RWS), 2007 WL 62789, at *2 (S.D.N.Y. Jan. 8, 2007) (denying *in forma pauperis* status where appeal not taken in good faith) (citing *Coppedge v. United States,* 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith ... demonstrated when he seeks appellate review of any issue not frivolous.")).

An application to proceed *in forma pauperis* must state "the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). This requirement has been strictly applied where it "hinders the district court's task of determining whether an appeal is taken "in good faith." *Frias v. U.S.*, Nos. 09 Civ. 2537(JFK), 01 Cr. 307(JFK), 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011) (citing *United States v. Farley,* 238 F.2d 575, 576 (2d Cir.1956) (interpreting 28 U.S.C. § 1915 to conclude that "an application for leave to appeal *in forma pauperis* will have sufficient substance to warrant consideration only if ... it identifies with reasonable particularity the claimed errors which will be the basis for the appeal.")).

Mr. Scott's application fails to state the issues that he intends to present on appeal. I am accordingly unable to determine whether the appeal is objectively taken in good faith. Scott's conduct throughout the proceedings and the lack of merit that has characterized his prior submissions, only some of which are sketched out above, do not suggest that he deserves the benefit of the doubt. To the contrary, they provide grounds for my concern that his appeal is not taken in good faith.

Because Mr. Scott has failed to state the issues that he wishes to raise on appeal, I must deny the motion. *See Frias v. U.S.*, Nos. 09 Civ. 2537(JFK), 01 Cr. 307(JFK), 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 333-35 (1962).

**SO ORDERED**
**New York, New York**
**August 9 , 2011**

Harold Baer, Jr.
**United States District Judge**

2